**L. Grant Foster, 7202**
gfoster@hollandhart.com
**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9563**
mmiller@hollandhart.com
**Christopher B. Hadley, 14055**
cbhadley@hollandhart.com
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, Utah 84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiff Browning*

**Heidi G. Goebel, 10343**
Heidi.Goebel@chrisjen.com
**Scott T. Evans, 6218**            **Samuel W. Apicelli (admitted** *pro hac vice*)
Scott.Evans@chrisjen.com            swapicelli@duanemorris.com
CHRISTENSEN & JENSEN, P.C.          DUANE MORRIS LLP
15 West South Temple, Suite 800     30 South 17th Street
Salt Lake City, Utah 84101          Philadelphia, Pennsylvania 19103
Telephone: (801) 323-5000           Telephone: (215) 979-1255

*Attorneys for Defendant Sturm Ruger & Co., Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BROWNING**, a Utah corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>**STURM RUGER & CO., INC.**,<br>a New Hampshire corporation,<br><br>      Defendant. | **AMENDED SCHEDULING ORDER**<br><br>Case No. 1:13-cv-00013-CW-EJF<br><br>Judge Clark Waddoups<br>Magistrate Judge Evelyn J. Furse |

Pursuant to Fed. R. Civ. P. 16(b), the Magistrate Judge[1] received the stipulated Attorneys' Planning Report filed by counsel on December 18, 2013 (Dkt. No. 21).  The parties initially agreed on deadlines pursuant to the Federal Rules of Civil Procedure and standard case scheduling and not the Local Patent Rules that were adopted by this Court in November 2013.  The below agreed upon amended dates reflect the adoption of the Local Patent Rules.  All deadlines set forth herein shall be at 11:59 p.m. (MST) on the date indicated unless expressly stated to the contrary.  Following the entry of this Order, the parties may not modify the times and deadlines set forth herein without the approval of the Court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

| I. | PRELIMINARY MATTERS | ORIGINAL DATE | AMENDED PER LPR |
|---|---|---|---|
| a. | Defendant's Answer Filed: | 11/27/2013 | 11/27/2013 |
| b. | Plaintiff's Accused Instrumentalities Disclosure due [LPR 2.1]: |  | 03/03/2014 |
| c. | Was Rule 26(f)(1) Conference held [LPR 1.2, 1.3]? | 12/18/2013 | 12/18/2013 |
| d. | Have the parties submitted the Attorney Planning Meeting Form [LPR 1.2]? | Yes, on 12/18/2013 | Yes, on 12/18/2013 |
| e. | Deadline for 26(a)(1) initial disclosure? | 01/10/14 | See below. |
| f. | Deadline for Plaintiff's Rule 26(a)(1) Initial Disclosure due [LPR 2.2]: |  | 03/17/2013 (Supplemental Disclosures with required document production) |
| g. | Deadline for Defendant's Rule 26(a)(1) Initial Disclosure due [LPR 2.2]: |  | 03/24/2014 (Supplemental Disclosures with required document production) |
| h. | Plaintiff to serve Initial Infringement Contentions by [LPR 2.3]: | 02/17/14 | 04/18/2014 |
| i. | Defendant to serve Initial Non-Infringement and Invalidity Contentions by [LPR 2.4-2.5]: | 03/03/14 | 05/02/2014 |
| j. | Last day to file Motion to Amend Pleadings or Add Parties: | 02/21/14 | 06/06/2014 |

---

[1] The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5).

|   |   |   |   |
|---|---|---|---|
| k. | Final Infringement Contentions to be served by [LPR 3.1]: | 07/14/14 | 09/12/2014 |
| l. | Final Unenforceability and Invalidity Contentions to be served by [LPR 3.1]: | 08/11/14 | 09/26/2014 |
| m. | Final Non-Infringement Contentions [LPR 3.2]: |  | 10/10/2014 |
| n. | Deadline to file a Motion to Stay Pending Reexamination of the Patents-in-Suit [LPR 3.5]: | 07/14/14 | 10/10/2014 |
| **II.** | **DISCOVERY LIMITATIONS** | **NUMBER** | **AMENDED PER LPR** |
| a. | Maximum Number of Depositions[2] by any Party of any Party: | 10 | No change. |
| b. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties): | 7 | No change. |
| c. | Maximum Interrogatories[3] by any Party to any Party: | 30 | No change. |
| d. | Maximum Requests for Admissions[4] by any Party to any Party: | 75 | No change. |
| e. | Maximum requests for production by any Party to any Party: | 100 | No change. |
| f. | The Parties shall handle discovery of electronically stored information as follows: | Documents maintained in electronic form in a party's ordinary course of business | No change. The parties further agree to meet and confer to discuss implementation of an ESI protocol to govern the |

---

[2] Excluding depositions of experts and including a single Rule 30(b)(6) deposition (7 hours on the record for all topics). Notwithstanding the foregoing limitations on depositions, any party may request leave to take additional depositions for good cause shown.

[3] An interrogatory or multiple interrogatories seeking the basis of a party's affirmative defenses, infringement contentions, or invalidity contentions count as one interrogatory regardless of the number of affirmative defenses alleged or the number of infringed or invalid claims alleged.

[4] Excluding Requests for Admission concerning the authenticity of particular documents.

|   |   |   |   |
|---|---|---|---|
|   |   | shall be produced in electronic form as single-page TIFF (tagged image format file) documents with load files (in a form agreed to by the parties) that are searchable by optical character recognition (OCR) technology. | production of responsive ESI. |
| g. | The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: | As provided by Fed. R. Civ. P. 26(b)(5)(B), Fed. R. Evid. 502(d), the Standard Protective Order set forth in DUCivR 26-2 (subject to any modifications submitted by the parties and approved by the Court). | No change. |
| h. | Last day to serve written discovery before claim construction [R. 34]: | 12/12/14 | 10/24/2014 |
| i. | Close of fact discovery [LPR 1.3(a)]: | 01/12/15 | 11/21/2014 |
| j. | Disclosure of intent to rely on opinions of counsel and materials in support [LPR 1.3(c)]: | 7 days following the Court's ruling on claim construction. | 7 days following the Court's ruling on claim construction. |
| k. | Deadline to file motion for additional discovery [LPR 1.3(b)]: |   | 14 days following the Court's ruling on claim construction. |
| **III.** | **CLAIM CONSTRUCTION PROCESS** | **DATE** | **AMENDED PER LPR** |
| a. | Parties exchange proposed claim terms and claim constructions for construction [LPR 4.1(a)]: | 09/19/14 | 10/24/2014 |
| b. | Parties reach agreement to submit no more than 10 terms for construction [LPR 4.1(b)]: | 09/26/14 | 10/31/2014 |

|   |   |   |   |
|---|---|---|---|
| c. | Parties file Cross-Motions for Claim Construction and Joint Appendix [LPR 4.2(a) & (b)]: | 10/17/14 | 11/28/2014 |
| d. | Parties file Joint Appendix: | 10/17/14 | See above. |
| e. | Parties file Simultaneous Responsive Claims Construction Briefs [LPR 4.2(c)]: | 11/17/14 | 12/19/2014 |
| f. | Joint Claim Construction Chart and Joint Status Report due [LPR 4.2(f)]: | 11/24/14 | 01/09/2015 |
| g. | Tutorial for Court [LPR 4.4]: | 12/01/14 | 01/16/2015 |
| h. | Parties exchange exhibits [LPR 4.3]: | 12/01/14 | 01/23/2015 |
| i. | Claim Construction Hearing [LPR 4.3]: | After 12/05/14, to be scheduled at the Court's discretion. | To be scheduled at the Court's discretion. |
| **IV.** | **DISPOSITIVE MOTIONS** | **DATE** | **AMENDED PER LPR** |
| a. | Deadline to file dispositive motions required to be filed with claim construction [LPR 6.2]: | Within 60 days after the close of expert discovery. | 11/28/2014 |
| b. | Deadline to file Opposition to dispositive motions filed with claim construction [LPR 6.2]: | Within 30 days after the filing of the dispositive motion. | 01/09/2015 |
| c. | Deadline to file Reply to dispositive motions filed with claim construction [LPR 6.2]: | Within 30 days after the filing of the Opposition. | 01/23/2015 |
| d. | Deadline for filing dispositive or potentially dispositive motions [LPR 6.1] |  | 119 days following the Court's ruling on claim construction. |
| e. | Deadline for filing partial or complete motions to exclude expert testimony: |  | To be determined by the Court following claim construction (to be scheduled at the Court's discretion). |
| **V.** | **RULE 26(a)(2) REPORTS FROM EXPERTS** | **DATE** | **AMENDED PER LPR** |

5

|      |                                                                              |                                                                                                           |                                                                  |
|------|------------------------------------------------------------------------------|-----------------------------------------------------------------------------------------------------------|------------------------------------------------------------------|
| a.   | Initial Expert Witness Reports (parties bearing burden of proof ) [LPR 5.1(b)]: | Within 21 days after the Court's claim construction ruling.                                              | Within 28 days after the Court's claim construction ruling.      |
| b.   | Rebuttal / Counter Expert Witness Reports [LPR 5.1(c)]:                      | Within 35 days after the date for initial expert reports.                                                 | Within 56 days after the Court's claim construction ruling.      |
| c.   | Close of expert discovery [LPR 5.2]:                                         |                                                                                                           | Within 91 days after the Court's claim construction ruling.      |
| **VI.** | **OTHER DEADLINES**                                                       | **DATE**                                                                                                  | **AMENDED PER LPR**                                              |
| a.   | Last day for Expert discovery:                                               | Within 35 days after exchange of expert rebuttal reports.                                                 | See above.                                                       |
| b.   | Deadline for filing partial or complete motions to exclude expert testimony: | To be determined by the Court following claim construction (to be scheduled at the Court's discretion). | See above.                                                       |
| **VII.** | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**                           | **DATE**                                                                                                  | **AMENDED PER LPR**                                              |
| a.   | Referral to Court-Annexed Mediation:                                         | Yes                                                                                                       | No change.                                                       |
| b.   | Referral to Court-Annexed Arbitration:                                       | No                                                                                                        | No change.                                                       |
| c.   | The parties will complete Private Mediation/Arbitration by:                  | 3/31/2014                                                                                                 | 05/30/2014                                                       |
| d.   | Evaluate case for Settlement/referral to Court-annexed ADR by:               | At the Court's discretion.                                                                                | No change.                                                       |
| e.   | Settlement probability:                                                      | Good                                                                                                      | No change.                                                       |

**VIII.   ADDITIONAL SCHEDULING DEADLINES / OTHER MATTERS**

Plaintiff is directed to file a new scheduling order within 14 days of the Court's claim construction ruling.  The Court will set trial deadlines in that order or through a case management conference.

Counsel should contact chambers staff of the judge presiding in the case regarding Daubert

and claim construction motions to determine the desired process for filing and hearing of such motions. All such motions, including motions-in-limine should be filed well in advance of the final pre-trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

Dated this 28th of March, 2014.

BY THE COURT:

Evelyn J. Furse
U.S. Magistrate Judge